Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOCKEY MAISONNEUVE, | Civil Action No. 18-13955 |
| *Plaintiff*, | |
| v. | **OPINION & ORDER** |
| BENEDICT CAIOLA, | |
| *Defendants*. | |

**John Michael Vazquez, U.S.D.J.**

   This case concerns a copyright dispute over the book, *A Girl Raised by Wolves*. D.E. 1-6. Currently pending before this Court is Defendant Caiola's motion to dismiss Plaintiff Maisonneuve's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a). D.E. 3. The Court reviewed all submissions made in connection with the motion,[1] and heard oral argument on Thursday, January 17, 2019. For the following reasons, Defendant's motion to transfer venue to the United States District Court for the Southern District of New York is granted.

---

[1] Defendant's brief in support of his motion to dismiss will be referred to as "Def. Br.," D.E. 3-9; Plaintiff's brief in opposition to this motion will be referred to as "Pl. Opp'n," D.E. 11; Defendant's reply will be referred to as "Def. Reply," D.E. 12. Following oral argument on January 17, 2019, the Court ordered supplemental briefing on the correct substantive law to apply in determining the validity of a forum selection clause. D.E. 25 ("Prior Order"). Defendant's supplemental briefing will be referred to as "Def. Supp. Br.," D.E. 27; and Plaintiff's supplemental briefing will be referred to as "Pl. Supp. Br.," D.E. 28.

## I.    BACKGROUND[2]

On October 17, 2017, Plaintiff Lockey Maisonneuve and Defendant Benedict Caiola entered into a contract (the "Agreement") whereby the parties agreed to jointly work on a non-fiction book, entitled *A Girl Raised by Wolves,* based on Plaintiff's life story (the "Book").  SAC ¶¶ 5, 49, 50.  Although both parties are residents of New Jersey, *id.* ¶¶ 2-3, the Agreement states the following: "All disputes arising under this Agreement shall be enforced under the laws of the State of New York, and the venue for such dispute resolution shall be New York, New York, USA," *id.*, Ex. A at 3, ¶ 12.  The parties agree that this provision was negotiated by each party's legal counsel.  D.E. 26 at 11, ¶¶ 9-24; D.E. 26 at 13, ¶¶ 8-10; D.E. 26 at 26, ¶¶ 11-13.

Eventually the business relationship between the parties soured and on June 26, 2018, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Union County, alleging breach of contract and fraud.  D.E. 1-3.  On August 10, 2018, Plaintiff filed an Amended Complaint adding claims for breach of fiduciary duty, breach of copyright, declaratory judgment as to copyright, accounting, and declaratory judgment invalidating their forum selection clause.  D.E. 1-5.  On August 26, 2018, Plaintiff filed a Second Amended Complaint revising her allegations and adding a claim for tortious interference with contractual relations.  D.E. 1-6.

On September 17, 2018, Defendant removed the case to this Court, relying on Plaintiff's federal copyright infringement allegation for subject matter jurisdiction.  D.E. 1.  Defendant then

---

[2] The facts are derived from Plaintiff's Second Amended Complaint and the Exhibits attached thereto.  D.E. 64 ("SAC").  When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Here, because the Court finds the parties' forum selection clause to be dispositive, the Court limits its factual background to that issue.

moved to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, to transfer venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), based on the parties' forum selection clause in the Agreement.  D.E. 3.  Plaintiff opposed this motion, D.E. 11, and Defendant replied, D.E. 12.

On December 14, 2018, Plaintiff moved for a temporary restraining order enjoining Defendant from infringing on Plaintiff's alleged exclusive copyright.  D.E. 14-1.  Defendant opposed this request for temporary restraints, D.E. 16, and on December 19, 2018, the Court heard the parties on this issue, D.E. 19.  Pursuant to the parties' agreement on the record, the Court administratively terminated, without prejudice, Plaintiff's motion for a temporary restraining order.  D.E. 18.

On January 17, 2019, the Court heard oral argument on Defendant's pending motion to dismiss or, in the alternative, to transfer venue.  D.E. 26.  The Court then ordered that the parties submit supplemental briefing addressing the substantive law that the Court should apply in determining the validity of a forum selection clause where subject matter jurisdiction is based on federal question jurisdiction.  D.E. 25.  The parties responded with supplemental briefing.  D.E. 27, 28.

## II.    ANALYSIS

The Court finds 28 U.S.C. § 1404(a) to be controlling in this case because of the Agreement's forum selection clause; therefore, the Court does not reach a plausibility analysis as to Defendant's motion to dismiss.  "Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)."  *Atl. Marine Const. Co. v. U.S. Dist. Court*

*for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).  Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *Id.* (quoting 28 U.S.C. § 1404(a)).  "Section 1404(a) therefore provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district."  *Id.*

"[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'"  *Id.* at 59-60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."  *Id.* at 62.  Further, "a forum selection clause is presumptively valid."  *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).  A forum selection clause will only be invalidated when the challenger demonstrates: "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable."  *Id.*

Defendant seeks transfer to the United States District Court for the Southern District of New York pursuant to the Agreement's forum selection clause, which identifies New York, New York, as the appropriate forum.  Def. Br. at 1.  Plaintiff alleges that the forum selection clause is invalid.  Pl. Opp'n at 6.  Plaintiff does not allege that the forum selection clause was the result of fraud or overreaching, or that the Southern District of New York would be seriously inconvenient as to be unreasonable.  Instead, Plaintiff alleges that transfer would violate the strong public policies of New Jersey and New York.  *Id.* at 17-23.

Plaintiff appears to be alleging that the Court should conduct its analysis based on the claims over which the Court merely has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. As noted, the Court only has original jurisdiction over the copyright claim. 28 U.S.C. §§ 1331, 1338; *see also Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) ("Defendants have established that this matter involves rights arising under the Copyright Act. Those claims are within the exclusive jurisdiction of the federal courts.").[3] Plaintiff has not provided any authority, nor could the Court find any, indicating that it should conduct the relevant analysis based on the claims solely subject to the Court's supplemental jurisdiction.[4]

As a result, as the party challenging the presumptively valid forum selection clause, Plaintiff was required to show that the forum selection clause contravened a strong *federal* public policy. Plaintiff's federal copyright claim is based on language in the Agreement – that Plaintiff is the "sole copyright holder" of the Book – which Plaintiff attaches to her Second Amended Complaint. SAC ¶¶ 49-54, Ex. A at 1, ¶ (a). Given that the sole appropriate forum for adjudicating this claim is federal court, Plaintiff bears the burden of showing a strong *federal* public policy against the Agreement's forum selection clause. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 228 (2d Cir. 2014) (sitting in federal question jurisdiction and stating that "[i]n determining whether enforcement of a forum selection clause would contravene a strong public policy of the

---

[3] The Court does not have diversity jurisdiction, under 28 U.S.C. § 1332, in this matter because both parties are New Jersey residents. SAC ¶¶ 2-3. During earlier argument, Plaintiff's counsel mentioned the *Erie* doctrine, referring to doctrine first espoused in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). But the *Erie* doctrine is not applicable to claims based on federal question jurisdiction.

[4] The Court also rejects Plaintiff's argument that state law applies because interpretation of the contract is at issue. Pl. Supp. Br. at 4-6. The SAC expressly bases Plaintiff's copyright claim on the Agreement. Moreover, Plaintiff has not demonstrated that the forum selection clause is ambiguous. Interpretation of the contract is not at issue; instead the sole issue is whether the clause is unenforceable because it violates a strong public policy.

forum in which suit is brought, we look to federal cases or statutes—not because federal law is guiding the interpretation of the forum selection clause, but because such materials may constitute declarations of public policy that justifies invalidating a forum selection clause." (internal quotations and alterations omitted)).

Here, Plaintiff fails to demonstrate any strong *federal* public policy against the enforcement of the forum selection clause at issue.  Plaintiff argues only that there is a sufficiently strong public policy in New York and New Jersey against enforcement of forum selection clauses where "there is no reasonable basis for the chosen forum."[5]  Pl. Supp. Br. at 9 (citing *U.S. Merch., Inc. v. L & R Distributors, Inc.*, 996 N.Y.S.2d 83 (N.Y. App. Div. 2014)).  Because Plaintiff does not identify any strong *federal* public policy that would be violated by enforcement of this forum selection clause, Plaintiff has not met her burden of overcoming the presumed validity of the clause.  The Court finds that the forum selection clause is valid and transfers the case to the Southern District of New York pursuant to Section 1404(a).

---

[5] The Court notes that even if it were to look to state public policy, the forum selection clause would likely still be valid.  District courts have invalidated forum selection clauses for contravening a strong state public policy when the state legislature and state high court proscribe forum selection clauses in that context.  *E.g., Bus. Store, Inc. v. Mail Boxes Etc.*, No. 11-3662, 2012 WL 525966 (D.N.J. Feb. 16, 2012) (New Jersey franchising agreement context); *Dahiya v. Talmidge Int'l, Ltd.*, No. 02-2135, 2002 WL 31962151 (E.D. La. Oct. 11, 2002) (Louisiana employment agreement context).  Yet, even in cases where the state legislature and state highest court ban forum selection clauses in a specific context (which Plaintiff has not shown here), such ban can be lifted by voluntary negotiation by the parties.  *See Bus. Store, Inc.*, 2012 WL 525966 at *6 (noting that a strong New Jersey public policy against forum selection clauses in franchising agreements can be overcome by "offering evidence of specific negotiations over the inclusion of the forum-selection clause and that it was included in exchange for specific concessions to the franchisee.").  Here, the parties specifically negotiated this forum selection clause through counsel.  Other forums were contemplated, but the parties eventually agreed upon New York, New York.  Therefore, even if the Court evaluated state public policy, the fact that Plaintiff actually negotiated and freely agreed to this forum selection clause with the assistance of counsel indicates that state public policy would not be violated.

III.    **CONCLUSION**

For the reasons stated above, and for good cause shown,

**IT IS** on this 15th day of March, 2019,

**ORDERED** that Defendant's motion to transfer (D.E. 3) is **GRANTED**; and it is further

**ORDERED** that the Clerk's Office shall transfer this matter to the United States District Court for the Southern District of New York; and it is further

**ORDERED** that Defendant's alternate request to dismiss this matter pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 3) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall close this matter.


John Michael Vazquez, U.S.D.J.